NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW FAIRCLOUGH, | : |
| Plaintiff, | : Civil Case No. 11-6222 (FSH) |
| v. | : **OPINION & ORDER** |
| OFFICER CORMAC JOYCE, *et al.*, | : Date: February 20, 2015 |
| Defendants. | : |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Defendant Officers Cormac Joyce, David Ortiz, Brad Cosh, John McCarthy, and Sergeant David Bode's (collectively, "Defendants") motion for summary judgment, (Dkt. No. 75), and Plaintiff Andrew Fairclough's ("Plaintiff" or "Fairclough") cross-motion for summary judgment (Dkt. No. 83).[1] The Court has considered the submissions of the parties pursuant to Federal Rule of Civil Procedure 78; and

it appearing that pursuant to Federal Rule of Civil Procedure 56(c), a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); and that, in other words, "summary judgment may be granted only if there exists no genuine issue of

---

[1] This matter arises from the warrantless arrest of Plaintiff in his home on October 20, 2010.

material fact that would permit a reasonable jury to find for the nonmoving party," *Miller v. Indiana Hosp.*, 843 F.2d 139, 143 (3d Cir. 1988); and

it appearing that all facts and inferences must be construed in the light most favorable to the non-moving party, *Peters v. Del. River Port Auth.*, 16 F.3d 1346, 1349 (3d Cir. 1994); that the party seeking summary judgment always bears the initial burden of production, *Celotex Corp.*, 477 U.S. at 323, and that this requires the moving party to establish either that there is no genuine issue of material fact and that the moving party must prevail as a matter of law, or to demonstrate that the non-moving party has not shown the requisite facts relating to an essential element of an issue for which it bears the burden, *see id*. at 322–23; and

it appearing that Defendants moved for summary judgment on Plaintiffs' claims for unlawful entry, unreasonable seizure, false arrest, false imprisonment, and malicious prosecution, (Dkt. No. 75), and that Plaintiff cross-moved for summary judgment on the issues of false arrest, lack of exigency, and probable cause, (Dkt. No. 83);[2] and

it appearing, after much consideration, that parties dispute material facts on issues of exigency and probable cause;[3] and that these disputed material facts preclude summary judgment

---

[2] Neither party moved for summary judgment on Plaintiff's claims of excessive force.

[3] The issue of exigent circumstances is central to Plaintiff's claims. "It is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable. Nevertheless, because the ultimate touchstone of the Fourth Amendment is 'reasonableness,' the warrant requirement is subject to certain exceptions." *Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006) (citations omitted). "[W]arrants are generally required to search a person's home or his person unless 'the exigencies of the situation' make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment." *Id*. (noting that past examples include entry onto private property to fight a fire and investigate its cause, to prevent the imminent destruction of evidence, and engage in "hot pursuit" of a fleeing suspect). "One exigency obviating the requirement of a warrant is the need to assist persons who are seriously injured or threatened with such injury. . . . Accordingly, law enforcement officers may enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury." *Id*. In analyzing whether such action is "reasonable" under the Fourth Amendment, the officer's subjective motivation is irrelevant. *Id*. at 404. In other words, an action is reasonable "as long as the circumstances, viewed *objectively*, justify [the] action." *Id*. "However, for the warrantless search to be constitutional, there must be probable cause and

Case 2:11-cv-06222-ES-MAH   Document 102   Filed 02/20/15   Page 3 of 5 PageID: 1312


on these issues and on Plaintiff's claims for unlawful entry, unreasonable seizure,[4] false arrest, and false imprisonment; and

---

such other circumstances [as] would cause a reasonable person to believe that the exigencies of the situation made that course imperative." *United States v. Wolfe*, 452 F. App'x 180, 183 (3d Cir. 2011) (citations omitted). Both probable cause and exigent circumstances must exist to justify the warrantless intrusion. *United States v. Coles*, 437 F. 3d 361, 365 (3rd Cir. 2006).

Additionally, Plaintiff's claims for false arrest and imprisonment may also turn on the existence or inexistence of exigent circumstances. "Although the police may make a warrantless arrest in a public place if they have probable cause to believe the suspect is a felon, 'the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant.'" *Sharrar v. Felsing*, 128 F.3d 810, 819 (3d Cir. 1997) (quoting *Payton v. New York*, 445 U.S. 573, 590 (1980)), *abrogated on other grounds by Curley v. Klem*, 499 F.3d 199, 209–11 (3d Cir. 2007).

Plaintiff and Defendants dispute many material facts on the issue of exigent circumstances, making summary judgment on this issue inappropriate. The following facts, for example, could have led to an objectively reasonable belief that Plaintiff would imminently harm himself: A 911 call had been placed by Plaintiff's father asserting that Plaintiff was going to use a handgun to kill himself, (Defs.'s Stmt. Facts ("DF"), Dkt. No. 75-2, ¶ 2); Defendant Bode telephoned Plaintiff's father to confirm the 911 call and found Plaintiff's father to be credible and sober (DF ¶¶ 78–80); at least two guns were shown to be registered in Plaintiff's name, (DF ¶ 4); an on-scene officer witnessed Plaintiff pacing through a window or sliding glass door (DF ¶¶ 96–100); and Plaintiff was repeatedly and profanely yelling at the officers on scene, to his wife, and to police personnel over the telephone and was refusing to cooperate with the on-scene officers, (DF ¶¶ 19–20, 96–100, 104). Plaintiff, however, disputes much of the officers' testimony of his profane shouting, (Pl.'s Stmt. Facts ("PF"), Dkt. No. 84, ¶ 104), and denies officers' testimony that he was heard shouting and arguing with his wife. (PF ¶¶ 96, 98–100.) Plaintiff disputes whether Defendant Bode telephoned Plaintiff's father to confirm the 911 call and points the Court to evidence of his father's drunkenness at the time of the 911 call and alleged call from Defendant Bode. (PF ¶¶ 78–80, 139.) Moreover, none of the officers on scene reported seeing a gun in Plaintiff's hands, (PF ¶¶ 162–63), and Defendant Bode spoke with Plaintiff and Plaintiff's wife by telephone numerous times between the 911 call and the officer's entry into the home and, following these conversations, stated over the radio to officers on scene that Plaintiff was "not going to kill himself." (PF ¶¶ 149, 165.) In short, a fact-finder could reasonably find that the circumstances of the Defendants' entry into Plaintiff's home either was or was not objectively reasonable. *Bodine v. Warwick*, 72 F.3d 393, 399 (3d Cir. 1995) (issue of whether exigent circumstances existed should go to jury when there are disputed factual issues). Many of the same disputed factual issues are material to a finding of probable cause to enter Plaintiff's home and to arrest Plaintiff.

[4] Defendants also contend that Plaintiffs' claims of unlawful entry and unreasonable seizure fail under the community caretaking doctrine, but this argument is unavailing in this Circuit. "The community caretaking doctrine cannot be used to justify warrantless searches of a home." *Ray v. Twp. of Warren*, 626 F.3d 170, 177 (3d Cir. 2010).

it appearing that the parties dispute material facts as to Defendant Bode's actual knowledge of and acquiescence to the conduct of the officers on-scene; and that these material facts preclude summary judgment on Plaintiff's claims against Defendant Bode;[5] and

it appearing that a claim of malicious prosecution in violation requires the plaintiff to show, among other elements, that the defendant "acted maliciously or for a purpose other than bringing the plaintiff to justice," *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (en banc); and that the element of malice is in addition to showing a lack of probable cause, *see id.*; and

it appearing that Defendant Joyce moves for summary judgment as to Plaintiff's malicious prosecution claims on the argument that Plaintiff cannot put forward facts to establish malice; and that Plaintiff cites neither disputed nor undisputed facts on which a fact-finder could find malice;[6] and for good cause shown;

**IT IS** on this 20th day of February, 2015,

---

[5] A supervisor such as Defendant Bode may be held liable for subordinate officers' unconstitutional conduct under § 1983 when the supervisor had "personal involvement" in the unconstitutional conduct, which "can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff contends, and this Court agrees, that there are disputed material facts as to Defendant Bode's direction, knowledge, and acquiescence of the conduct of the officers on scene. One on-scene officer testified that Defendant Bode was the sergeant in charge during the disputed events. (PF ¶ 202.) Defendant Bode spoke on the phone with Plaintiff and his wife five or six times between the initiating 911 call and the officers' entry into Plaintiff's home. (DF ¶ 149.) Bode testified that he told the troopers on scene to do "whatever they had to do to get into the house." (PF ¶ 167.)

[6] To establish a claim for malicious prosecution, Plaintiff must establish a lack of probable cause to initiate prosecution and must also establish that Defendant Joyce "acted maliciously or for a purpose other than bringing the plaintiff to justice" in doing so. *Kossler*, 564 F.3d at 186. Plaintiff summarily states that "there are fact questions on this point" but offers no further elaboration as to what disputed facts are relevant to malice. (Pl.'s Opp. Br., Dkt. No. 83, at 40.) Nor does the Plaintiff point the Court to undisputed facts on which a fact-finder could find malice. (*Id.*) Plaintiff cites *Williams v. N.J. Div. of State Police*, but this unpublished opinion addressed whether the allegedly malicious prosecution terminated in the plaintiff's favor—a separate element of a malicious prosecution claim—and did not address malice. No. 10-3478, 2012 WL 1900602, at *9–12 (D.N.J. May 24, 2012).

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 75) is **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED** that Plaintiff's claim against Defendant Joyce for malicious prosecution (Count IX) is hereby **DISMISSED**; and it is further

**ORDERED** that Plaintiff's cross-motion for summary judgment (Dkt. No. 83) is **DENIED**; and it is further

**ORDERED** that the parties' motions in limine (Dkt. Nos. 91, 94) are **ADMINISTRATIVELY TERMINATED** with leave to amend in light of this Order's partial grant of summary judgment and to re-file within **30 days**.

**IT IS SO ORDERED.**

**/s/ Faith S. Hochberg**
**Hon. Faith S. Hochberg, U.S.D.J.**